THE STATE, EX REL. MCCANN, *v.* CITY OF DEFIANCE ET AL.*

(No. 195—Decided June 13, 1957.)

*Judgment affirmed, 167 Ohio St., 313.

*Mr. John W. Winn,* for relator.
*Mr. Alner D. Ryan* and *Mr. C. A. Bakle,* for respondents.

YOUNGER, J. This action in mandamus, filed in this court, seeks to compel the defendant city of Defiance to issue a permit to tap into a water line and to furnish water service to relator's premises from the municipal waterworks system owned and operated by the city.

Relator bases her right to the relief sought entirely on her contention that, in denying her a permit and water service at her premises, the defendant city violated the provisions of Section 743.13, Revised Code, which reads as follows:

"When any person at his own expense has laid down and extended mains and water pipes or electric light and power lines beyond the limits of a municipal corporation, and the legislative authority thereof, by resolution, has authorized the proper officer of the water works to superintend or supervise such laying and extension, the municipal corporation shall furnish water or electricity to the residents and property holders on the line of such facilities. The same rules and regulations which govern the furnishing of water or electricity to its own citizens shall apply in such cases, except that the rates charged therefor shall not exceed those within the municipal corporation by more than one tenth."

There is no significant disagreement as to the facts which show that the defendant city is now furnishing water to a compressor station of the American Louisiana Pipe Line Company located four miles north of the northerly limits of the city of Defiance on state route No. 66, by means of a six-inch water line or main which was laid down and constructed by the company at its own expense. The agreement between the city and the company is expressed by ordinance No. 1733, passed October 16, 1956, the material parts of which are as follows:

"a. Said company shall build at its own and sole expense (saving the city free from any expense in connection therewith) a six-inch water line from its connection with the city mains at the northerly limits of the city to said compressor station with

a meter where designated by the city, all subject to inspection by the city.

"b. Said company shall give and surrender to the city the right to manage and control said line and to make or permit any such use or uses thereof as will not interfere with the contemplated use thereof by said company.

"c. Said company shall service all of said line at its own expense until such time as the city elects to permit another or others to tap into said line and thereafter from the most northerly of such taps to its said station."

It is the defendant city's first contention that the water main involved was not laid down "by resolution" of the council authorizing "the proper officer of the water works to superintend or supervise such laying and extension." The ordinance of October 16, 1956, which admittedly is the only legislative action taken by council, provides that the building of the water works shall be "all subject to inspection by the city."

The evidence discloses that the water works superintendent made almost daily trips to the scene of the work while the line was being laid down and that he made some suggestions as to the work. There is a difference of opinion as to who was the real boss on the job, that is, whether the officials of the company, the engineers they employed, or the water works superintendent, would have had the final decision to make in case a serious dispute had arisen. However, in our opinion this is not decisive of the question presented. The ordinance provided the building of the line was to be "all subject to inspection by the city." We hold the inclusion of this feature in the ordinance to be sufficient compliance with the statute which specifies "by resolution." We further hold to be without merit the city's contention that the word "inspection" is not equivalent to the words "superintend or supervise." It is a distinction without a real difference, and, if the statute is constitutional, the city could not evade the provisions of the statute nor relieve itself of the responsibilities of the statute, either by the purposeful or accidental substitution of the word "inspection" in place of the words "superintend or supervise" in the ordinance. The inspection contemplated in the ordinance was necessarily one which carried with it the power to accept or reject the complet-

ed work. This was the understanding of the parties, as the evidence shows that after the pipe was laid it was tested under pressure and examined by the water works superintendent who, in writing, accepted the job as satisfactory.

We therefore hold that if the statute is constitutional, the relator is entitled to the writ of mandamus prayed for.

Since the issues involved cannot be decided, except upon the constitutionality of Section 743.13, Revised Code, we are compelled to consider the second contention of the city that such section is unconstitutional by reason of the provisions of Section 4 of Article XVIII of the Constitution of Ohio, which provides:

"Any municipality may acquire, construct, own, lease and operate within or without its corporate limits, any public utility the products or service of which is or is to be supplied to the municipality or its inhabitants, and may contract with others for any such product or service. The acquisition of any such public utility may be by condemnation or otherwise, and a municipality may acquire thereby the use of, or full title to, the property and franchise of any company or person supplying to the municipality or its inhabitants the service or product of any such utility."

Chief Justice Marshall, speaking for the majority of the Supreme Court, in *City of East Cleveland* v. *Board of Education*, 112 Ohio St., 607, 148 N. E., 350, which was later, in *Board of Education* v. *City of Columbus*, 118 Ohio St., 295, 160 N. E., 902, adopted by reference, says at page 619 of the *East Cleveland case:*

"This delegation of power to a municipality directly from the hands of the people is plain, unambiguous, and unequivical, and it is free from conditions; it is apparently self-executing, requiring no enabling legislation to complete the grant of power. Any legislation relative to this subject must necessarily be confined to regulatory measures. The majority of the court are therefore of the opinion that any attempt by the Legislature to impose conditions upon the grant must be ineffective."

The issue thus presented is whether Section 743.13, Revised Code, is merely a regulatory measure or whether it imposes a condition or places a limitation upon the grant of power

given to the city by the Constitution. The Constitution grants the city the right to "contract with others" for water; and such "others" are necessarily noninhabitants of the city.

We are of the opinion that this Section imposes a condition or limitation upon the right of the city to contract with others or with noninhabitants of the city. It limits the price the city may charge for its services. It denies the city the chance to contract with property owners abutting the water main involved, and forces the city to furnish the service to all who desire it, regardless of the city's facilities or supply. It prevents the city from demanding annexation of the territory as a condition precedent to supplying the services. With the modern trend of decentralization in industry and the location of numerous and large factories in suburban areas near the cities of our state, this limitation upon the right of a city to contract freely and advantageously becomes increasingly important.

The Section grants no power to the city which it does not already have under the Constitution, but on the other hand it imposes conditions and places limitations upon a power granted by the people of the state in the Constitution, and we, therefore, hold the Section to be unconstitutional.

The writ for mandamus will, therefore, be denied.

*Writ denied.*

MIDDLETON, P. J., and GUERNSEY, J., concur.